UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TERENCE D. MANNING,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>STATE OF WASHINGTON; WASHINGTON STATE PATROL; Washington State Patrol Trooper John Doe Clevenger, Jane Doe Celvenger, and their marital community; and Trooper Jane DuCommon, John Doe DuCommon, and their marital community,<br><br>　　　　　Defendants. | Case No.  C05-5791RJB<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' FRCP 37 SUBMISSION FOR A MOTION TO COMPEL AND MOTION IN LIMINE STRIKING LATE DISCLOSED WITNESSES |

　　　This matter comes before the Court on Defendants' FRCP 37 Submission for a Motion to Compel and Motion in Limine Striking Late Disclosed Witnesses (Dkt. 41-1). The Court has considered the pleadings filed in support of and in opposition to the motion and the file herein.

### **I. FACTUAL AND PROCEDURAL BACKGROUND**

　　　This suit stems from alleged mistreatment of plaintiff Terence D. Manning in the investigation of an alleged misdemeanor. Dkt. 1 at 3. Mr. Manning brought suit in federal court asserting claims of battery; excessive force; violation of the Fourth, Fifth, Eight, and Fourteenth Amendments; negligence; and deliberate indifference. Dkt. 1.

　　　On July 6, 2006, the Court ordered the plaintiff to submit to an independent medical

ORDER
Page 1

examination by Dr. Glenn Goodwin. Dkt. 27. The Court denied the plaintiff's request to have the examination videotaped on the basis of Dr. Goodwin's declaration contending that videotaping would be disruptive. *Id.* The examination was scheduled for dates set forth in the Court's Order but was cancelled.

The defendants now move for the following relief: (1) an order compelling the plaintiff to submit to an independent medical examination with a different doctor and an extension of discovery to accommodate this examination, (2) exclusion of witnesses who were not timely disclosed in the plaintiff's initial disclosures, and (3) exclusion of expert witnesses who were not properly disclosed because no expert report has been provided. Dkt. 41-1. The plaintiff objects to the dates for the medical examination proposed by the defendants; requests that the examination be videotaped; stipulates to the exclusion of witnesses disclosed August 8, 2006; requests assistance in setting certain depositions; and moves to strike the declaration and anticipated testimony of Thomas Ovens. Dkt. 43

## II. DISCUSSION

**A. INITIAL DISCLOSURES**

Initial disclosures are governed by Federal Rule 26, which provides as follows:

[A] party must, without awaiting a discovery request, provide to other parties:

> (A) the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information;

Fed. R. Civ. P. 26(a)(1)(A). If a party fails to make the requisite disclosures under Federal Rule 26(a), the party is generally prohibited by Federal Rule 37 from using the undisclosed information:

> A party that **without substantial justification** fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, **unless such failure is harmless**, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions. In addition to requiring payment of reasonable expenses,

> including attorney's fees, caused by the failure, these sanctions may include any of the actions authorized under Rule 37(b)(2)(A), (B), and (C) and may include informing the jury of the failure to make the disclosure.

Fed. R. Civ. P. 37(c)(1) (emphasis added). The party may avoid the consequences of nondisclosure if it demonstrates that the failure to disclose was substantially justified or harmless.

In the present case, the initial disclosure deadline was March 2, 2006. Dkt. 3. The plaintiff filed initial disclosures on April 26, 2006. Dkt. 14. The defendants filed a Motion in Limine to exclude these witnesses. Dkt. 41-1. The plaintiff contends that this delay was justified by the Stipulation and Agreed Order to Adjust FRCP 26(a)(2) Disclosure of Expert Testimony Deadline. Dkt. 21. This extension was expressly limited to disclosures of expert testimony under Federal Rule 26(a)(2) and did not extend the deadline for initial disclosures under Federal Rule 26(a)(1).

The plaintiff also contends that the delay is justified by "the agreement of parties disclosed in the Joint Status Report." Dkt. 43 at 5. The portion of the Joint Status Report, filed *after* the initial disclosure deadline, to which the plaintiff apparently refers is as follows:

> b. Initial disclosures are due 3/6/06. Additional time is needed for initial discovery by the parties. Discovery may be needed with respect to the parties' claims and damages and the Defendant's defenses.
>
> d.[sic] At the present time, there should be no changes made to the limitations imposed on discovery under Federal and Local Civil Rules. No additional limitations should be imposed.

Dkt. 10 at 5. The parties did not move for relief from the initial disclosure deadline, and this language does not evidence an agreement between the parties to extend the deadline. Pursuant to Federal Rule 37(c)(1), the parties should be afforded an opportunity to be heard as to whether exclusion of information contained in the plaintiff's tardy initial disclosures, or other sanctions, should be imposed.

**B. DISCLOSURE OF WITNESSES**

Disclosure of expert witnesses is governed by Federal Rule 26, which provides as follows:

> (A) In addition to the disclosures required by paragraph (1), a party shall disclose to other parties the identity of any person who may be used at trial to present evidence under Rules

ORDER
Page 3

702, 703, or 705 of the Federal Rules of Evidence.

(B) Except as otherwise stipulated or directed by the court, this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony, be **accompanied by a written report prepared and signed by the witness**. . . .

(C) These disclosures shall be made at the times and in the sequence directed by the court.

Fed. R. Civ. P. 26(a)(2) (emphasis added). In this case, the deadline for disclosing expert witnesses and expert reports was August 8, 2006. Dkt. 21. The plaintiff filed his FRCP 26(a)(2) Disclosure with the Court on August 9, 2006. Dkt. 29. As of October 19, 2006, the defendants have not been provided with a copy of any of the plaintiff's experts' reports. Dkt. 42 at 5. The plaintiff stipulates to striking of all "medical witnesses disclosed 8/8/06." Dkt. 43 at 4. The Court should therefore hold that pursuant to Federal Rule 37(c)(1) and the plaintiff's agreement, the plaintiff is not permitted to use as evidence at a trial, at a hearing, or on a motion any medical witness in the plaintiff's FRCP 26(a)(2) disclosure and the proffered expert witnesses from whom no expert reports were provided. *See* Dkt. 29 ("Fact Medical Witnesses"), Dkt. 47 at 9 ("Expert Witnesses").

**C. MOTION TO COMPEL**

On July 6, 2006, the Court ordered the plaintiff to submit to an independent medical examination by Dr. Glenn Goodwin. Dkt. 27. The scheduled examination was cancelled, and the defendants now seek an extension of discovery for the limited purpose of completing the plaintiff's medical exam. Dkt. 41-1 at 6. The defendants ask that the plaintiff be ordered to submit to an examination by Dr. Jeffrey Powel[1] on November 21 and November 27, 2006. Dkt. 46-2 at 2. In response, the plaintiff asks that the examination be videotaped and that the plaintiff be allowed to depose Dr. Powel. Dkt. 43 at 4. Plaintiff's counsel also contends that he will not be available to accompany the plaintiff on the proposed dates. Dkt. 44 at 3. In support of the reply, the defendants offer a declaration of Dr. Powel contending that the presence of a third party or videographer would

---

[1]The parties refer to the doctor as "Dr. Powell." *See, e.g.,* Dkt. 46-2 at 2, Dkt. 43 at 4. The Court uses the spelling provided in Dr. Powel's declaration. Dkt. 48.

ORDER
Page 4

be disruptive. It appears that while the parties have attempted to schedule a mutually agreeable time for Dr. Powel to conduct a medical examination, they have not specifically discussed the defendants' proposed dates. The Court should therefore deny the motion to compel without prejudice. The parties should meet and confer, attempt to resolve discovery and scheduling issues in good faith, and use conference calls to chambers before filing further discovery motions.

**D. EXTENSION OF DISCOVERY DEADLINE**

The defendants request an extension of the discovery deadline, currently September 25, 2006, for the limited purpose the plaintiff's upcoming independent medical examination. Dkt. 41-1 at 6. The defendants do not propose a specific date on which such discovery should be completed but propose that two weeks after completion of Dr. Powel's medical examination, Dr. Powel's report will be provided to the plaintiff and that the plaintiff should be afforded an opportunity to depose Dr. Powel. The plaintiff did not respond specifically to this request but asks the Court for assistance in setting dates for depositions, indicating the plaintiff's agreement that discovery should be extended. The Court should therefore extend the discovery cutoff to accommodate the plaintiff's medical examination. The date for such extension will be determined after the examination is scheduled.

**E. REQUEST TO TAKE ADDITIONAL DEPOSITIONS**

In the response, the plaintiff requests the Court's assistance in setting dates to depose defendants DuCommon and Clevenger. Dkt. 43 at 4. The plaintiff has not moved for such relief, and the request is not properly before the Court. As indicated above, the discovery deadline in this case passed more than one month before the response was filed. The plaintiff offers no justification for failing to move for relief earlier.

The plaintiff also seeks to depose the doctor who ultimately conducts the medical examination, and the defendants agree that this is appropriate. *See* Dkt. 46-2 at 2 (proposed order allowing for deposition). The Court should extend the discovery deadline to accommodate this deposition. Until the date for the medical examination is set, the precise extension of the discovery

deadline cannot be determined.

Finally, the plaintiff contends that he would be severely prejudiced if not allowed to depose Thomas Ovens. Dkt. 43 at 4. The plaintiffs allege that this witness was not disclosed. *Id.* The name and expert report of this witness were filed with the Court on August 8, 2006, the deadline for disclosure of expert witnesses. Dkt. 28. The plaintiff offers no justification for failing to depose this witness before the discovery cutoff.

**F. MOTION TO STRIKE**

The plaintiff moves to strike the anticipated trial testimony and declaration of Thomas Ovens, which accompanies the Defendants' Motion for Summary Judgment, on the grounds that "Thomas Ovens was not previously identified as a witness for the State." Dkt. 43 at 5; Dkt. 38 (declaration). As noted above, Thomas Ovens was disclosed as an expert witness, and this disclosure was timely. The motion to strike should be denied.

### III. ORDER

Therefore, it is hereby

**ORDERED** that Defendants' FRCP 37 Submission for a Motion to Compel and Motion in Limine Striking Late Disclosed Witnesses (Dkt. 41-1) is **GRANTED in part** and **DENIED in part** as follows:

(1) On or before November 17, 2006, the parties shall show cause, if any they may have, why information contained in the plaintiff's initial disclosures should not be excluded from use as evidence at a trial, at a hearing, or on a motion any witness. The response and reply, if any, are due November 20 and November 24, 2006, respectively.

(2) With respect to the plaintiff's disclosures under Fed. R. Civ. P. 26(a)(2), the Motion in Limine is **GRANTED**.

(3) The Motion to Compel is **DENIED**.

(4) The parties shall notify the Court on or before November 21, 2006, of the scheduling of the independent medical examination, at which time the new discovery deadline will be set.

(5) The motion to strike contained in the plaintiff's response (Dkt. 43) is **DENIED**.

1    The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel of

2 record and to any party appearing *pro se* at said party's last known address.

3    DATED this 14th day of November, 2006.

/s/ Robert J. Bryan
Robert J. Bryan
United States District Judge