1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10

11    TERENCE D. MANNING,

12            Plaintiff,                        Case No.  C05-5791RJB

13            v.                                ORDER ON PLAINTIFF'S MOTION
                                                PURSUANT TO CR 37(c)(1)
14    STATE OF WASHINGTON; WASHINGTON           ALLOWING WITNESSES
      STATE PATROL; Washington State Patrol     DISCLOSED IN PLAINTIFF'S
15    Trooper John Doe Clevenger, Jane Doe      INITIAL DISCLOSURE APRIL 26,
      Clevenger, and their marital community; and   2006, TO TESTIFY AT TRIAL
16    Trooper Jane DuCommon, John Doe
      DuCommon, and their marital community,

17            Defendants.

18
          This matter comes before the Court on the plaintiff's Motion Pursuant to CR37(c)(1)
19
      Allowing Witnesses Disclosed in Plaintiff's Initial Disclosure April 26, 2006, to Testify at Trial (Dkt.
20
      57). The Court has considered the pleadings filed in support of and in opposition to the motion and
21
      the file herein.
22
                             I. BACKGROUND AND DISCUSSION
23
          This suit stems from alleged mistreatment of plaintiff Terence D. Manning in the investigation
24
      of an alleged misdemeanor. Dkt. 1 at 3.. Dkt. 50 at 12, Dkt. 40 at 5, Dkt. 39 at 4.
25
          The defendants filed a Motion in Limine to exclude witnesses that were not timely disclosed
26

ORDER
Page 1

1  in accordance with the initial disclosure deadline. The Court held that the plaintiff's initial disclosures

2  were tardy. Dkt. 52. In accordance with Federal Rule 37(c)(1), the Court allowed the parties to be

3  heard as to "whether exclusion of information contained in the plaintiff's tardy initial disclosures, or

4  other sanctions, should be imposed." *Id.*

5       The plaintiff requests that no sanctions be imposed and that the tardy disclosure not be

6  mentioned to the jury. Dkt. 58 at 4. The plaintiff contends that the tardy disclosure was harmless.

7  According to the plaintiff, the defendants did not suffer prejudice as a result of the late disclosure

8  because the witnesses were already known to the defendants and the plaintiff would be severely

9  prejudiced if these witnesses were not allowed to testify. *Id.* at 3.

10      The defendants point out that disclosure obligations are not limited to witnesses who are

11  unknown to the opposing party and contend that even if they were aware of the witnesses, they

12  deserved timely disclosure of which witnesses the plaintiff would call at trial. Dkt. 59 at 2. Initial

13  disclosures do not provide such information, however. They require only disclosure of witnesses

14  *likely* to have discoverable information that the disclosing party *may* use to support its case and the

15  subjects of such information. *See* Fed. R. Civ. P. 26(a)(1). The exclusion of all witnesses in the

16  plaintiff's initial disclosures is an unduly burdensome sanction that is not justified by the defendants'

17  generalized claims of prejudice. The Court should therefore decline to sanction the plaintiff, but the

18  parties are cautioned that deadlines imposed by rule or by court order require compliance unless the

19  Court grants an extension. This Order is without prejudice to the parties' rights to request exclusion

20  of witnesses on other grounds.

21                                          **II. ORDER**

22      Therefore, it is hereby

23      **ORDERED** that plaintiff's Motion Pursuant to CR37(c)(1) Allowing Witnesses Disclosed in

24  Plaintiff's Initial Disclosure April 26, 2006, to Testify at Trial (Dkt. 57) is **GRANTED** as follows:

25

26

ORDER
Page 2

1   (1) Witnesses disclosed by plaintiff in the April 26, 2006, initial disclosures may not be excluded on

2   the basis that those witnesses were not timely disclosed; and (2) sanctions are not warranted.

3          The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel of

4   record and to any party appearing *pro se* at said party's last known address.

5          DATED this 1st day of December, 2006.

6

7                                                      Robert J. Bryan
8                                                      United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER
Page 3